UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILLIP BURTON HAUSKEN,

    Plaintiff,

v.

D LEWIS et al.,

    Defendants.

CASE NO. C12-5882 BHS-JRC

ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

    Plaintiff has brought two motions asking the Court to allow him to amend his complaint (ECF Nos. 29 and 35). This order addresses the first motion to amend the complaint (ECF No. 29). The Court will address the second motion, (ECF No. 35), after the noting date of June 21, 2013.

    The Court denies plaintiff's first motion to amend because the proposed amendment is futile and would change this case into a new cause of action that fails to state a claim. Further,

defendants oppose the amendment and argue that the proposed complaint is an attempt to revive a previously dismissed cause of action, *Hausken v. Galzer et al.*, C12-190-RAJ/JPD, 2013, WI 1196864 (W.D. Wn. 2013) (ECF No. 33).

Plaintiff's motion is not a model of clarity (ECF No. 29). In the proposed amended Complaint plaintiff mentions a criminal rule, "CR41(b)(3)" . This criminal rule is not applicable to this civil rights action. However, Fed. R. Civ. P. 41 addresses voluntary dismissal of an action and would be applicable if plaintiff were trying to dismiss this action, but he is not. If plaintiff wishes to dismiss this action, he should file a motion to dismiss rather than a motion to amend the complaint.

In addition, a Report and Recommendation is currently pending before the District Court. If the Court were to allow amendment of the complaint that Report and Recommendation would become moot because the proposed amended complaint names completely different defendants and attempts to raise a completely different issue. Local Civil Rule 15 states:

> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. **The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.** If a motion or stipulation for leave to amend is granted, the party whose pleading was amended must file and serve the amended pleading on all parties within fourteen (14) days of the filing of the order granting leave to amend, unless the court orders otherwise.

Local Civil Rule 15 (emphasis added). Thus, plaintiff's proposed amended complaint would act as a complete substitute for the original and not as a supplement.

Plaintiff alleges in his original complaint, (ECF No. 15), that his funds are being taken without due process to pay for cable television. Plaintiff alleges that he has no access to cable

television. The named defendants are the inmate trust administrator, D. Lewis, and the person who allegedly forwards the funds to the administrator, Joyce Marciel (ECF No. 21, page 3). The Court has recommended the dismissal of a third defendant, Dawn Thompson who is alleged to have answered a tort claim filed by plaintiff.  Dawn Thompson plays no role in the alleged taking of plaintiff's funds.

The Court has recommended granting the remaining defendants qualified immunity for damages, but the Court recommends that the case go forward on the claim for injunctive relief (ECF No. 21).

Plaintiff's proposed amended complaint names eight different defendants (ECF No. 29, page three). Plaintiff contests a "demotion hearing" where he alleges that he was not present at the hearing, not presented with paperwork regarding the hearing, and not given notice of any appeal rights that he may have (ECF No. 29, page 4). Plaintiff does not provide the Court with any details what type of demotion hearing he is contesting, custody level, classification, or medical treatment level. In *Hausken v. Galzer et al.*, C12-190-RAJ/JPD, 2013, WI 1196864 (W.D. Wn. 2013), plaintiff challenged a demotion in his medical treatment level. *Hausken*, at *1.

The Court should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). However, the decision to grant a motion to amend is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has held that a district court may take into consideration such factors as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *See In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004), *quoting Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "The denial of a motion for leave to amend pursuant to Rule 15(a) is reviewed 'for abuse of discretion and in light of the strong public policy permitting

amendment.'" *Bonin v. Calderon*, 59 F.3d at 845. Futility of amendment can, by itself, justify the denial of a motion for leave to amend because the proffered amendments would be nothing more than an exercise in futility." *Bonin v. Calderon*, 59 F.3d at 845; *quoting Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993).

Here, the proposed amendment is futile because there is no constitutional right to a particular custody level or classification status within prison population. *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir.1987) (*citing Moody v. Daggett*, 429 U.S. 78, 97(1976)). If the Court were to allow plaintiff to amend his complaint and file the proposed amended complaint the action would fail to state a claim.

Accordingly, the Court finds that the proposed amendment would be futile and the Court DENIES plaintiff's motion to amend the complaint (ECF No. 29).

Dated this 11th day of June, 2013.

J. Richard Creatura
United States Magistrate Judge