UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILLIP BURTON HAUSKEN,

        Plaintiff,

  v.

D. LEWIS et al.,

        Defendants.

CASE NO. C12-5882 BHS-JRC

ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT WITHOUT PREJUDICE

        The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

        Plaintiff asks the Court for leave to amend his complaint (ECF No 35). The Court denies the motion without prejudice because plaintiff has not complied with the Court's Local Rule on amending a pleading. The Court instructs the clerk's office to send plaintiff a copy of the Court's civil rights complaint form.

        This is plaintiff's second motion to amend the complaint (ECF No. 29). The Court denied the first motion because it involved completely new defendants and a completely different cause

of action that plaintiff had already litigated and lost (ECF No. 37, order denying first motion). Plaintiff's current motion (ECF No. 35) asks for leave to add two new defendants (*id.*).

In the Ninth Circuit, pro se plaintiffs should be given leave to amend prior to dismissal "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (citation and internal quotations omitted); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 529-30 (9th Cir. 1985); *cf. Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (suggesting that if the complaint's deficiencies could be remedied by amendment, then it may be abuse of discretion to dismiss complaint without granting leave to amend).

Plaintiff names two new defendants in his motion, but he does not provide the Court with a new proposed amended complaint (ECF NO. 35). Local Rule 15 states:

> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits. If a motion or stipulation for leave to amend is granted, the party whose pleading was amended must file and serve the amended pleading on all parties within fourteen (14) days of the filing of the order granting leave to amend, unless the court orders otherwise.

The Court denies plaintiff's motion without prejudice and the Court instructs the clerk's office to send plaintiff a blank civil rights form. Plaintiff may file a new motion to amend his complaint and plaintiff will need to attach his proposed amended complaint to that motion. Plaintiff does not need to bracket or underline his changes. If plaintiff's motion is granted, the original complaint will no longer be considered by the Court and only the amended complaint

ORDER DENYING PLAINTIFF'S MOTION TO
AMEND THE COMPLAINT WITHOUT
PREJUDICE - 2

1 | will be before the Court. The Court will then review plaintiff's proposed amended complaint and
2 | the Court will decide if the new complaint can be filed and served.

3 |     Dated this 3rd day of July, 2013.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION TO
AMEND THE COMPLAINT WITHOUT
PREJUDICE - 3