UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILLIP BURTON HAUSKEN,

          Plaintiff,

v.

D. LEWIS, et al.,

          Defendants.

CASE NO. C12-5882 BHS-JRC

ORDER ADOPTING IN PART AND REVERSING IN PART REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 21), Plaintiff Phillip Burton Hausken's ("Hausken") objections to the R&R (Dkt. 22) and Defendants' objections to the R&R (Dkt. 23).

## I.  PROCEDURAL HISTORY

On October 16, 2012, Hausken filed a 42 U.S.C. § 1983 civil rights action against Defendants Daniel Lewis ("Lewis"), Dawn Thompson ("Thompson"), and Joyce Marciel ("Marciel").  Dkt. 5.  On December 17, 2012, Defendants filed a motion to dismiss and stay discovery proceedings.  Dkt. 11.  On February 7, 2013, Judge Creatura issued an R&R granting in part and denying in part Defendants' motion.  Dkt. 21.  On

February 15, 2013, Plaintiff filed objections to the R&R.  Dkt. 22 and 22-1.  On February 21, 2013, Defendants also filed objections to the R&R.  Dkt. 23.[1]

## II.  FACTUAL BACKGROUND

Hausken is an inmate housed in the Special Offender Unit at the Monroe Correctional Complex.  Dkt. 5.  He alleges that the unit in which he is housed does not have access to cable television.  *Id*.  He further alleges that, in violation of the Constitution, each month fifty cents is taken from his inmate trust account and forwarded to the inmate betterment fund to pay for cable television that he does not have access to and other privileges he does not use.  *Id.* at 6.  Hausken also alleges that the person who takes the fifty cents from his account each month is Lewis, the inmate trust account manager.  Dkt. 5 at 6.  He alleges that he has been told the funds that are taken from his account are sent to the inmate betterment fund, which is administered by Marciel.  *Id*.  The only other named defendant, Thompson, is a person who answered and denied the state tort claim that Hausken filed regarding the taking of the fifty cents each month.

---

[1] On March 29, 2013, Hausken filed notice of appeal regarding Judge Creatura's R&R. Dkt. 24. After the Ninth Circuit issued a April 24, 2013 mandate dismissing Hausken's appeal of the R&R because magistrate judges' decisions are non-appealable (Dkt. No. 28), the Court renoted Hausken's and the Defendants' objections to the R&R for consideration on April 26, 2013.  *See* April 26, 2013 docket notation. On May 17, 2013, Hausken filed what appeared to be a proposed amended complaint. Dkt. 29. Upon receipt of the document, the Court remanded the proposed amended complaint to the magistrate judge for consideration as a motion for leave to amend. Dkt. 32. Judge Creatura then noted Hausken's proposed amended complaint for June 7, 2013, and Defendants filed a response opposing the amendment as improper and/or futile.  Dkt. 33. The Court renoted Hausken's and Defendants' objection to the R&R for consideration one week after his first motion to amend, on June 14, 2013.  *See* May 31, 2013 docket notation.   On June 4, 2013, Hausken filed his second motion to amend complaint (Dkt. 35), which Defendants opposed (Dkt. 36).  On June 11, Judge Creatura issued an order denying Hausken's first motion to amend his complaint.  Dkt. 38. On July 3, 2013, Judge Creatura issued an order denying Hausken's second motion to amend. Dkt. 39.

1  Hausken seeks relief in the form of money damages, in the amount of approximately

2  $27.00, and injunctive relief to prevent Defendants from taking fifty cents per month

3  from his inmate trust account for the use of cable television or other privileges.

4        The monthly fifty-cent deduction from Hausken's account is done pursuant to

5  RCW 72.09.470, which reads as follows:

> To the greatest extent practical, all inmates shall contribute to the cost of privileges. The department shall establish standards by which inmates shall contribute a portion of the department's capital costs of providing privileges, including television cable access, extended family visitation, weight lifting, and other recreational sports equipment and supplies. The standards shall also require inmates to contribute a significant portion of the department's operating costs directly associated with providing privileges, including staff and supplies. Inmate contributions may be in the form of individual user fees assessed against an inmate's institution account, deductions from an inmate's gross wages or gratuities, or inmates' collective contributions to the institutional welfare/betterment fund. The department shall make every effort to maximize individual inmate contributions to payment for privileges. The department shall not limit inmates' financial support for privileges to contributions from the institutional welfare/betterment fund. The standards shall consider the assets available to the inmates, the cost of administering compliance with the contribution requirements, and shall promote a responsible work ethic.

### III.   DISCUSSION

**A.   Judge Creatura's R&R and Parties' Objections**

In the R&R, Judge Creatura determined, as a preliminary matter, the parties' additional briefing and attachments outside of the pleadings, excepting the grievance documents referenced in Hausken's complaint and filed by him, be excluded from consideration. Dkt. 21 at 2-3.  He also found that Hausken had pled facts sufficient to state a Fourteenth Amendment due process claim. *Id*. at 5-7.  Judge Creatura

recommended dismissing Hausken's claim for damages against Thompson because he did not personally participate in any alleged taking of Hausken's funds. *Id*. at 4-5. He also recommended that the two remaining Defendants should be entitled to qualified immunity because there is no indication that Lewis and Marciel knew or should have known that the fifty cent taking was unconstitutional since it is authorized by state statute, RCW 72.09.470. *Id*. at 9-10. However, Judge Creatura concluded that while Hausken's claim for damages against state officials in their official capacity is barred by the Eleventh Amendment, that amendment does not bar suits for injunctive relief. *Id*. at 10. Hausken named the "inmate trust account manager [Lewis] and the inmate betterment fund administrator [Marciel] as defendants" and "these persons, in their official capacity, appear to be proper entities against whom an injunction could be issued." *Id.* at 10 and 11. Thus, Judge Creatura recommended granting Defendants' motion to dismiss in part on the grounds of Thompson's lack of participation and qualified immunity as to Lewis and Marciel, and he recommended a stay of discovery as appropriate while the issue of qualified immunity was pending. *Id*. at 12. He also denied Defendants' motion in part, finding Hausken "has stated a viable claim for injunctive relief." *Id*.

Hausken objects to Judge Creatura's R&R on several bases which lack merit because they are based on a misunderstanding of the R&R or are simple disagreements, without supporting legal argument. Dkt. 22. For example, Hausken clearly believes that Judge Creatura recommended "dismissing this case and denying injunctive relief and damages." *Id*. at 2. As articulated above, Judge Creatura did not dismiss his case, nor

1  did he deny him injunctive relief. *See supra*. He only denied Hausken's damages based

2  on the Defendants' qualified immunity. *Id*. Additionally, Hausken claims, without

3  sufficient legal support, that Thompson should not have been dismissed for lack of

4  personal participation and that qualified immunity should not apply to Defendants. *Id*. at

5  5 and 7-8.

6  Hausken also states that he is not alleging a due process violation, as Judge

7  Creatura found, because "I received due process but never got relief[;] thats [sic] one

8  reason I fil[]ed under the 5th amendment not the 14th." Dkt. 22 at 6. Hausken reiterates

9  that the statute which allows the taking is unconstitutional and should be "revamped to

10 live up to the standards of fairness" set forth in the Constitution. *Id*. He suggests that the

11 law should not require inmates housed in his unit to pay for services or privileges,

12 especially cable television, that they do not receive.

13 Defendants object to Judge Creatura's recommendations on the grounds that he (1)

14 improperly rejected their attachment of documents from Hausken's complete grievance

15 process, when the grievance process is referenced in his complaint; (2) incorrectly found

16 Hausken had properly alleged a constitutional violation; (3) found that Hausken properly

17 requested injunctive relief; and (4) determined that Hausken properly alleged personal

18 participation of Marciel. Dkt. 23 at 2.

19 **B.    Standard of Review**

20 The district judge must determine de novo any part of the magistrate judge's

21 disposition that has been properly objected to. The district judge may accept, reject, or

22

modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

## C. Standard for Motion to Dismiss

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A court accepts the factual allegations in the complaint as true for purposes of deciding the motion to dismiss. *Id*. To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555-56 (internal citations omitted). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

The Court liberally construes a pro se pleading but cannot supply facts to a complaint. *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992).

## D. Objections

### 1. Grievance Documents Incorporated by Reference into Pleading

The Court agrees with Defendants that Judge Creatura improperly rejected the exhibit containing Hausken's grievance documents, which are referenced in his complaint. Dkt. 23 at 3. A court may consider documents other than the pleadings when

1  considering a Rule 12(b)(6) motion if a document's contents are incorporated by

2  reference in the complaint and the document's authenticity is not in question.  *Dunn v.*

3  *Castro*, 621 F.3d 1196, 1204 n.6 (9th Cir. 2010); *Knievel v. ESPN*, 393 F.3d 1068, 1076

4  (9th Cir. 2005).

5      The Court declines to adopt the R&R on this issue.

6      **2.  Pleading Constitutional Violations**

7      At this stage in the process, the question is whether the complaint states a

8  viable claim for relief.  Defendants maintain that Hausken does not allege facts to support

9  a Fifth Amendment takings claim or Fourteenth Amendment due process claim. Dkt. 23

10 at 4-9.

11     **a.  Qualified Immunity**

12     Defendants argue that Judge Creatura's grant of qualified immunity was not in

13 error.  The Court agrees.  A review of the R&R indicates that Judge Creatura performed a

14 thorough and well-reasoned analysis regarding qualified immunity, addressing both the

15 qualified immunity standard and the statute at issue.  Dkt. 21 at 7-8.  In the absence of

16 any reported cases finding the statute unconstitutional on an as applied basis, Hausken

17 failed to that show that clearly established law put Defendants on notice that the

18 deduction of funds pursuant to the statute violated his constitutional or federal rights.

19 Therefore, Judge Creatura was correct to find that Defendants' motion to dismiss should

20 be granted as to "Lewis and Marciel" on the grounds of qualified immunity.

21     The Court adopts the R&R on this issue.

22

**b.  Participation of Thompson**

Hausken maintains that Judge Creatura erred in recommending that Thompson be dismissed on the basis of lack of personal participation.  Judge Creatura properly found that Thompson was only involved to the extent that she denied Hausken's tort claim, as that is the only allegation in his complaint.  Dkt. 21 at 5.  As Judge Creatura explained, "the presentation of a tort claim is a prerequisite to filing an action against the State of Washington under state law." *Id*. (*citing* RCW 4.92.110).  Hausken alleged no other facts, other than Thompson's denial of the tort claim, to indicate that she deprived him of any constitutional right.  *Id*.  Although in his objections Hausken alleges that he included Thompson because she "off-handedly participated," and she showed "deliberate indifference" by denying his tort claim (*id.*), he did not plead those allegations in his complaint.  *See* Dkt. 5.  Nor did he allege that Thompson in any way actually participated or associated with the taking of the funds themselves.  *Id*.

The Court adopts the R&R on this issue.

**c.  *Ex Parte Young*, Official Capacity Suits & Injunctive Relief**

When a plaintiff makes a challenge to the constitutionality of a statute and seeks injunctive or prospective relief, the standard for determining if the proper defendant has been sued in his or her official capacity[2] is not the personal participation standard cited by Defendants.  *See* Dkt.10-11.

---

[2] The Supreme Court, in *Will v. Michigan*, 491 U.S. 58, 71 n. 10 (1989), stated: "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as

*Ex parte Young*, 209 U.S. 123 (1908), established that the Eleventh Amendment does not preclude suits for injunctive relief against state officers violating federal law. The *Young* exception "is based in part on the premise that sovereign immunity bars relief against States and their officers in both state and federal courts, and that certain suits for declaratory or injunctive relief against state officers must therefore be permitted if the Constitution is to remain the supreme law of the land." *Alden v. Maine*, 527 U.S. 706, 747 (1999) (emphasis added). *See Ex parte Young*, 209 U.S. at 152 (noting that courts may "restrain a state officer from executing an unconstitutional statute of the state" (emphasis added)); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

"In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)(alteration in original) (citations omitted).

*Ex parte Young* also requires the named defendant officer to have "some connection with the enforcement of the act or else [the suit] is merely making him a party as a representative of the State, and thereby attempting to make the State a party." *Young,* 209 U.S. at 157. This connection "must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing actions against the State.'" (*citing Kentucky v. Graham*, 473 U.S., at 167, n. 14; *Young*, 209 U.S. 123, 159–160).

the challenged provision will not subject an official to suit." *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) (*citing L.A. County Bar Assoc. v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992)). "That connection must be determined under state law depending on whether and under what circumstances a particular defendant has a connection with the challenged state law." *Snoeck*, 153 F.3d at 986.

In this case, Judge Creatura was correct in his assessment, although his reasoning differs from ours, that Hausken's claim for injunctive relief allows him to name defendants in their official capacity. Dkt. 21 at 10. Hausken clearly claims an ongoing federal violation, i.e. the continued monthly deductions from his inmate trust account pursuant to state statute. Additionally, permitting Hausken to pursue claims for injunctive or prospective relief from both Defendants Lewis and Marciel in their official capacities at this stage in the suit is appropriate. At this stage, both Lewis and Marciel appear to have a direct connection to the alleged illegal fifty-cent deduction and the administration of the statute that authorizes it for the purposes of meeting the pleading standards sufficient to survive a 12(b)(6) motion. However, further proceedings and evidence submitted by the parties to the Court will determine whether Defendants have the requisite connection under state law. *Snoeck,* 153 F.3d at 986. Or, if appropriate and sought, Judge Creatura may determine Hausken should be allowed to amend his complaint to include defendants who have the requisite connection.

The Court adopts the R&R's conclusions as to the aforementioned issues.

### d. Fifth Amendment

The Takings Clause of the Fifth Amendment provides that "private property" shall not "be taken for public use, without just compensation." U.S. Const. Amend. V. The Takings Clause is applicable to the states through the Fourteenth Amendment. *See Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 160 (1980). The Fifth Amendment prevents legislatures and other government officials from depriving private persons of vested property rights for "public use" without payment of "just compensation." *Landgraf v. USI Film Products*, 511 U.S. 244, 266 (1994); *see also Vance v. Barrett*, 345 F.3d 1083, 1089 (9th Cir. 2003). However, the courts have determined "a reasonable user fee is not a taking if it is imposed for the reimbursement of the cost of government services." *Vance*, 345 F.3d at 1089 (*citing United States v. Sperry Corp.*, 493 U.S. 52, 63 (1989)).

In *Vance*, the plaintiff alleged Fifth and Fourteenth Amendment violations for deductions of accrued interest from his inmate trust account based on a Nevada statute authorizing "applicable charges" for administrative user fees. *Id*. at 1089. In analyzing the plaintiff's alleged violations, the Ninth Circuit determined that a Fifth Amendment "takings analysis is more locally confined to those deductions in fact authorized by statute," rather those actions allegedly done *ultra vires*. *Id*. In that case, the Ninth Circuit held that the plaintiff's Fifth Amendment claim failed "[b]ecause Vance does not allege that the charges are unreasonable or unrelated to the administration of his account." *Vance*, 345 F.3d at 1090 (*citing Sherry Corp*, 493 U.S. at 61-63). Unlike the plaintiff in *Vance*, the Court finds that a fair reading of Hausken's complaint contains allegations

that the statutory deduction of fifty cents is essentially unreasonable and unrelated to his usage, in the sense that he has no access whatsoever to cable television and utilizes no privileges allegedly connected to the user fee referenced in the statute. This is clearly true with respect to Hausken's allegation that he lacks access to cable television, when Defendants do not dispute that "some/all of the fees collected from offenders fund cable television at MCC." Dkt. 23 at 8. Thus, the Court finds that Hausken has sufficiently stated a Fifth Amendment claim for relief.

Therefore, the Court declines to adopt Judge Creatura's R&R on this issue and finds the pleading contains a sufficiently pled Fifth Amendment takings claim.

### e. Fourteenth Amendment

The Fourteenth Amendment prevents a state from depriving a person of life, liberty, or property without due process of law. U.S. Const. Amend. XIV. A prisoner has a protected property interest in the funds in his inmate trust account. *Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1985). The due process clause does not prohibit every deprivation by the state of an individual's property; only those deprivations carried out without due process are actionable under 42 U.S.C. § 1983. *Halverson v. Skagit County*, 42 F.3d 1257, 1260 (9th Cir. 1994).

Defendants argue that Hausken's alleged facts fail to state a claim for Fourteenth Amendment due process violation. Dkt. 23 at 5. Defendants observe that nowhere in Hausken's complaint does he allege that his due process rights were violated. *Id*. In fact, Defendants properly note that Hausken "disavows any due process violation." *Id*. at 7 (*citing* Dkts. 13 at 4 and 22 at 4). Defendants further maintain that even if Hausken

stated a due process claim, because the legislature enacted RCW 72.09.470 in the normal manner proscribed by law, his due process was satisfied through the legislative process. Dkt. 23 at 5-7 (*citing, e.g., Halverson v. Skagit County*, 42 F.3d 1257, 1260 (9th Cir. 1994) ("[w]hen the action complained of is legislative in nature, due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law").

The Court finds that Hausken's complaint does not allege a Fourteenth Amendment due process violation, but rather a claim for a Fifth Amendment takings violation. Dkt. 5. Hausken's allegations indicate that the grievance and tort claim processes are ineffectual in the sense that he did not receive any relief from them. However, he does not challenge whether he was given due process, though he does contest the constitutionality of the statute because it allows for a taking that Hausken finds bears no reasonable relationship to the fifty-cent fee deduction authorized by RCW 72.09.470 for services or privileges he does not have access to or utilize. Additionally, in his pleadings to the Court, Hausken specifically states that he is not making a claim under the Fourteenth Amendment, but a Fifth Amendment one (Dkts. 13 at 2-4 and 22 at 4 & 6), as he has "received due process" (Dkt. 22 at 6).

Although Judge Creatura found that Hausken's complaint sufficiently alleged a due process violation, the Court disagrees and declines to adopt the R&R on this issue.

Nonetheless, the Court does not concur with the Defendants that even if Hausken stated a Fourteenth Amendment claim, procedural due process was satisfied because RCW 72.09.470 is a legislative act which was enacted in the "normal manner proscribed

1  by law" and in accordance with the legal standards set forth in their briefing. *See* Dkt. 23

2  at 6-7. Defendants effectively argue that, as a matter of law, even if Hausken plead a

3  Fourteenth Amendment due process violation, it must fail. *Id.* However, Defendants

4  merely make that assertion without demonstrating that the state legislature enacted the

5  statute at issue in the "normal manner proscribed by law." *Halverson,* 42 F.3d at 1260.

6  Whether the process by which the statute was enacted "in the normal manner prescribed

7  by law" is a determination typically made at the summary judgment stage.

## IV.   ORDER

The Court having considered the R&R, the parties' objections, and the remaining record, does hereby find and order as follows:

(1)   The R&R is **adopted in part** and **reversed in part** as set forth above; and

(2)   This action is **re-referred** to Judge Creatura for further proceedings.

Dated this 12th day of September, 2013.

                                   BENJAMIN H. SETTLE
                                   United States District Judge