UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILLIP BURTON HAUSKEN,

    Plaintiff,

v.

D. LEWIS, et al.,

    Defendants.

CASE NO. C12-5882 BHS-JRC

ORDER AFFIRMING IN PART AND DENYING IN PART R&R; SANCTIONING DEFENDANTS; AND RE-REFERRING CASE

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 47), Defendants' objections to the R&R (Dkt. 50) and Plaintiff's objections to the R&R (Dkt. 58).

## I. PROCEDURAL & FACTUAL BACKGROUND

On October 16, 2012, Phillip Burton Hausken ("Hausken"), an inmate in the Special Offender Unit at Monroe Correctional Complex, filed a 42 U.S.C. § 1983 civil rights action against Daniel Lewis ("Lewis"), Dawn Thompson ("Thompson"), and Joyce Marciel ("Marciel"). Dkt. 5.

Hausken alleges that in violation of the Constitution, each month, fifty cents is taken from his inmate trust account and forwarded to the inmate betterment fund to pay for cable television that his unit does not have access to and other privileges he does not use. Dkt. 5 at 6. Lewis, the inmate trust account manager, is allegedly the individual who takes the fifty cents from Hausken's account. *Id.* The funds are sent to the inmate betterment fund administered by Marciel. *Id*. Hausken seeks money damages and injunctive relief to prevent the monthly taking of his fifty cents.

On December 17, 2012, Defendants filed a motion to dismiss Hausken's complaint. Dkt. 11. On February 2, 2013, in an R&R on Defendants' motion, Judge Creatura recommended granting Defendants qualified immunity from damages, but allowing the case to proceed on the issue of injunctive relief. Dkt. 21. A premature appeal to the Ninth Circuit, made on March 23, 2013, and subsequent motions to amend the complaint delayed the Court's consideration of the R&R. *See* Dkts. 24, 25, 28 and 32.

On September 12, 2013, the Court granted Lewis and Marciel qualified immunity from damages, but held that Hausken could proceed with a claim for injunctive relief against them in their official capacities. *Id.* at 7 and 10. Thompson, who merely denied Hausken's tort claim, was dismissed based on lack of personal participation. *Id*. at 8. Construing Hausken's pro se complaint liberally, the Court found he sufficiently pled a Fifth Amendment takings claim (*id*. at 12), and re-referred the matter to Judge Creatura for further proceedings.

1    On November 5, 2013, Judge Creatura entered an order to show cause directing

2 Hausken to take some action because Defendants had failed to file a timely answer after

3 their motion to dismiss had been denied in part. Dkt. 41.

4    On December 20, 2013, Hausken filed a motion for default.  Dkt. 42.  Defendants

5 responded by filing a motion to strike Hausken's motion. Dkt. 43.

6    On March 4, 2013, Judge Creatura denied Defendants' motion to strike, reasoning

7 in part that after the Court entered the order granting in part and denying in part their

8 motion to dismiss, "Defendants needed to file an answer, or another motion that would

9 prevent the entry of default within 14 days of entry of the Court's order." Dkt. 46 at 2

10 (*citing* Fed. R. Civ. P. 12 (a)(4)(A)). Judge Creatura further reasoned that by the end of

11 September 2013, Defendants had defaulted, and, even after entry of the show cause order

12 (Dkt. 41), informing Defendants they were in default, they still failed to file an answer,

13 thus allowing the action to languish for five months.  Dkt. 46 at 2.

14    On March 4, 2014, Judge Creatura also issued an R&R recommending that the

15 Court grant Hausken's motion for default and enter an order of default and default

16 judgment against Defendants.  Dkt. 47.  Judge Creatura based his recommendation on the

17 fact that Defendants had improperly delayed the action from September 2013 until

18 February 2014.  *Id*. at 3 (*citing Swaim v. Moltan Co*., 73 F.3d 711, 716 (7th Cir. 1996)).

19 Thus, Judge Creatura recommended that the Court grant injunctive relief preventing

20 Defendants or their agents from taking funds for cable television from Hausken while he

21 is housed in a unit that does not have in-cell access to cable television.  *Id*. at 4.  He also

22 recommended granting Hausken costs, including his filing fee in this action.  *Id*.

On the same day Judge Creatura issued the order denying Defendants' motion to strike and the R&R, Defendants filed an answer to Hausken's complaint. Dkt. 48. On April 30, 2014, Hausken filed objections.[1] Dkt. 58.

## II.  DISCUSSION

### A.  Standard of Review

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

### B.  Objections to the R&R

Both parties have filed objections in this case. However, Hausken's submission is not a model of clarity. While it is filed under this case number, his only objection to an R&R references Judge Strombom's denial of a motion to proceed in forma pauperis. Dkt. 58. He makes no objections responsive to any issue in Judge Creatura's R&R. *See id*. Additionally, even assuming Hausken made a proper objection, his objections have been waived, as his submission was filed approximately six weeks after the 14-day deadline for filing objections. *See* Fed. R. Civ. P. 72(b).  Therefore, the Court finds that any objections Hausken has made are improper or untimely.

---

[1] Hausken has filed a notice of appeal to the Ninth Circuit under this case number. Dkt. 56.  However, there has been no final order from which an appeal can be taken. Therefore, Hausken's appeal is futile, and the Court is not divested of jurisdiction.  Additionally, while Hausken's appeal references this case number, it indicates that he is appealing an order issued by Judge Ronald B. Leighton on April 16, 2014. *Id.* at 1. Thus, it appears that Hausken may have filed his notice of appeal in the wrong case.

Defendants object to Judge Creatura's R&R, arguing that: (1) he failed to apply the proper legal standard for determining whether default judgment should be entered, focusing only on whether there was improper delay; (2) default judgment is not warranted because Defendants consistently appeared and defended against Hausken's claims, even when they were all dismissed from the case; (3) when the proper legal standard for entry of default judgment is applied, i.e. the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), the Court should find that the factors weigh in favor of denying entry of default judgment and determine the case should be heard on the merits. Dkt. 50.

**C.     Standards for Entry of Default and Default Judgment**

Obtaining a default judgment is a two-step process governed by Fed. R. Civ. P. 55. *Eitel*, 782 F.2d at 1471. First, Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b). Put another way, "an entry of default is a prerequisite to a default judgment under Rule 55(b)." *Lee v. Bhd. of Maint. of Way Employees*, 139 F.R.D. 376, 380 (D. Minn. 1991).

Defendants do not object to Judge Creatura's recommendation that entry of default pursuant to Fed. R. Civ. P. 55(a) be entered against them. Dkt. 50. In fact, the entirety of their brief focuses its objections on Judge Creatura's recommendation that Hausken's

entry of default judgment be entered against Defendants. *Id.* Therefore, Judge Creatura's R&R is affirmed on this basis.

The decision whether or not to grant default judgment pursuant to Fed. R. Civ. P. 55(b) is within the discretion of district courts. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980). In exercising its discretion to grant or deny a motion for default judgment, the Court considers the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72 .

As to the first *Eitel* factor, there has already been an unjustified and significant delay on the part of the fefendants, as Judge Creatura properly noted, due to their delay in filing an answer.  This has resulted in the continued taking of fifty cents from Hausken's prison account and a delay in permitting Hausken to have his case adjudicated on the merits.  While the deduction of fifty cents per month may seem rather small to the average American, given that inmate Hausken qualified for indigency status, this deduction is not an insignificant percentage of his monthly income. *See* Dkt. 1 at 3 (application to proceed *in forma pauperis*).

However, as Defendants argue, allowing the case to proceed on the merits will not leave Hausken without recourse (Dkt. 50 at 5), as would be true in the case where the Defendants had never appeared, defended or (finally) answered.

1  Nonetheless, to remedy the prejudice caused by what Judge Creature properly identified
2  as the Defendants' improper delay from September 2013 until February 2014, the Court
3  sanctions them in an amount sufficient to cover Hausken's fifty-cent deduction for that
4  time period: $3.00. Additionally, the Court sanctions Defendants in the amount of $63.00
5  for Hausken's fees and disbursements for printing. The latter sanction is one half the
6  amount of $126.00 listed in Hausken's bill of costs for the "fees and disbursements for
7  printing" in this action, which he submitted after Judge Creatura issued the R&R
8  recommending he do so. Dkt. 55 at 1.  The Court accepts Hausken's statement of this
9  expense.  Although Hausken does not detail the exact amount that he expended in
10 connection with making his motion for entry of default and default judgment or any other
11 costs or fees incurred in connection with Defendants' delay, the Court in its discretion
12 finds that sanctioning Defendants in the total amount of $66.00 for their delay is
13 reasonable.  The amount shall be deposited in Hausken's inmate trust account.
14       Having remedied the prejudice caused by Defendants' improper delay and finding
15 that denying default will permit Hausken to have his case heard on the merits, the Court
16 finds this factor weighs in favor of denying entry of default judgment.
17       With regard to *Eitel's* second and third factors, as the Court has already
18 determined, Hausken's complaint has "sufficiently stated a Fifth Amendment claim for
19 relief." Dkt. 40 at 12.  In contrast to Defendants' position, Hausken's claim for
20 injunctive relief appears to have merit, but determining whether or not it is likely to
21 succeed on the merits at this stage is premature, as briefing on the constitutionality of the
22 statute permitting the taking, RCW 72.09.470, as applied in this factual context, may be

necessary. On balance, the Court concludes this factor counsels against entry of default judgment.

As to *Eitel's* fourth factor, the sum of money at stake in the action, this factor is not implicated.  Although the fifty-cent deduction will continue until Hausken's claim for injunctive relief is decided on the merits, because he can only seek injunctive relief and not money damages, this factor weighs in favor of denying entry of default judgment.

As to *Eitel's* fifth factor, the possibility of dispute concerning material facts, Defendants argue that material facts are in dispute.   However, Defendants posed no objection to Judge Creatura's recommendation that default should be entered. *See supra.* Upon entry of default, all allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Here, there is no dispute regarding damages. Additionally, given the Court's finding that Hausken's complaint sufficiently stated a Fifth Amendment claim, no genuine dispute regarding a material fact would preclude a grant of default judgment. *See Rockstar, Inc.*, 2010 WL 2773588, at *3.

*Eitel's* sixth factor, whether Defendants' conduct was due to excusable neglect, the Court finds that their delay in filing an answer was not excusable neglect. Defendants essentially maintain that they did not answer but they consistently appeared and defended against Hausken's claims, even when they were all dismissed from the case. *See* Dkt. 50 at 4 and 5.

While it is true that Defendants appeared in the case and defended by, among other things, filing a motion to dismiss, it seems rather disingenuous to claim that they

1  consistently defended when all Defendants were dismissed. *Id.* Defendants received the

2  Court's order granting in part and denying in part the R&R on their motion to dismiss,

3  which indicated that Lewis and Marciel had qualified immunity from damages, but it also

4  concluded that Hausken could proceed with a claim for injunctive relief against them in

5  their official capacities. Dkt. 40 at 7 and 10. In that same order, Defendants were notified

6  that the Court found that Hausken had sufficiently pled a Fifth Amendment takings claim

7  (*id*. at 12). Therefore, it re-referred the matter to Judge Creatura for further proceedings.

8  Were Defendants genuinely confused as to who remained in the action and why it was

9  being referred back to Judge Creatura for further proceedings, they could have filed a

10  motion to clarify. If Defendants found the Court's order to be contrary to law, they could

11  have filed a motion for reconsideration. Instead of doing either, they allowed the case to

12  "languish," as Judge Creatura put it, for months. Dkt. 46 at 2. This factor weighs in favor

13  of granting entry of default judgment.

14        Finally, *Eitel's* seventh factor, the possibility of reaching a decision on the merits,

15  counsels in favor of denying default judgment because the Court will be able to decide

16  this case on the merits. "Cases should be decided upon their merits whenever reasonably

17  possible." *Eitel*, 782 F.2d at 1472. This factor heavily weighs in favor of denying entry of

18  default judgment.

19        Based on the foregoing analysis, the Court concludes that entry of default

20  judgment should not be granted. Thus, the Court declines to adopt the R&R on this basis.

21

22

**III.   ORDER**

Having considered the R&R, the objections, and the remaining record, the Court finds as follows:

(1) The R&R is **affirmed in part and denied in part** consistent with this order; and

(2) This action is **referred back** to Magistrate Judge Creatura for further proceedings.

Dated this 12th day of May, 2014.

BENJAMIN H. SETTLE
United States District Judge