1

2

3

4          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
5                  AT TACOMA

6

7   PHILLIP BURTON HAUSKEN,

8                          Plaintiff,          CASE NO. C12-5882 BHS-JRC

9         v.                                   ORDER DENYING MOTION
                                               FOR RECONSIDERATION
10   D. LEWIS, et al.,

11                         Defendants.

12        This matter comes before the Court on the Defendants' Motion for

13   Reconsideration of this Court's ruling affirming in part and denying in part the Report

14   and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States

15   Magistrate Judge (Dkt. 60).

16            **I.  PROCEDURAL & FACTUAL BACKGROUND**

17       On October 16, 2012, Phillip Burton Hausken ("Hausken"), an inmate in the Special

18   Offender Unit at Monroe Correctional Complex, filed a 42 U.S.C. § 1983 civil rights

19   action against Daniel Lewis ("Lewis"), Dawn Thompson ("Thompson"), and Joyce

20   Marciel ("Marciel").  Dkt. 5.

21        Hausken alleges that in violation of the Constitution, each month, fifty cents is

22   taken from his inmate trust account and forwarded to the inmate betterment fund to pay

for cable television that his unit does not have access to and other privileges he does not use. Dkt. 5 at 6.   Lewis, the inmate trust account manager, is allegedly the individual who takes the fifty cents from Hausken's account. *Id.*  The funds are sent to the inmate betterment fund administered by Marciel.  *Id.*  Hausken seeks money damages and injunctive relief to prevent the monthly taking of his fifty cents.

On December 17, 2012, Defendants filed a motion to dismiss Hausken's complaint.  Dkt. 11.  On February 2, 2013, in an R&R on Defendants' motion, Judge Creatura recommended granting Defendants qualified immunity from damages, but allowing the case to proceed on the issue of injunctive relief. Dkt. 21.

On September 12, 2013, the Court granted Lewis and Marciel qualified immunity from damages, but held that Hausken could proceed with a claim for injunctive relief against them in their official capacities.  *Id.* at 7 and 10. Thompson, who merely denied Hausken's tort claim, was dismissed based on lack of personal participation.  *Id.* at 8. Construing Hausken's pro se complaint liberally, the Court found he sufficiently pled a Fifth Amendment takings claim (*id.* at 12), and re-referred the matter to Judge Creatura for further proceedings.

On November 5, 2013, Judge Creatura entered an order to show cause directing Hausken to take some action because Defendants had failed to file a timely answer after their motion to dismiss had been denied in part. Dkt. 41.

On December 20, 2013, Hausken filed a motion for default.  Dkt. 42.  Defendants responded by filing a motion to strike Hausken's motion. Dkt. 43.

1   On March 4, 2013, Judge Creatura denied Defendants' motion to strike, reasoning

2   in part that after the Court entered the order granting in part and denying in part their

3   motion to dismiss, "Defendants needed to file an answer, or another motion that would

4   prevent the entry of default within 14 days of entry of the Court's order." Dkt. 46 at 2

5   (*citing* Fed. R. Civ. P. 12 (a)(4)(A)). Judge Creatura further reasoned that by the end of

6   September 2013, Defendants had defaulted, and, even after entry of the show cause order

7   (Dkt. 41) informing Defendants they were in default, they still failed to file an answer,

8   thus allowing the action to languish for five months.  Dkt. 46 at 2.

9   On March 4, 2014, Judge Creatura also issued an R&R recommending that the

10  Court grant Hausken's motion for default and enter an order of default and default

11  judgment against Defendants.  Dkt. 47.  Judge Creatura based his recommendation on the

12  fact that Defendants had improperly delayed the action from September 2013 until

13  February 2014.  *Id*. at 3 (*citing Swaim v. Moltan Co*., 73 F.3d 711, 716 (7th Cir. 1996)).

14  Thus, Judge Creatura recommended that the Court grant injunctive relief preventing

15  Defendants or their agents from taking funds for cable television from Hausken while he

16  is housed in a unit that does not have in-cell access to cable television.  *Id*. at 4.  He also

17  recommended granting Hausken costs, including his filing fee in this action.  *Id.*

18  On the same day Judge Creatura issued the order denying Defendants' motion to

19  strike and the R&R, Defendants filed an answer to Hausken's complaint.  Dkt. 48. On

20  March 18, 2014, Defendants filed objections to the R&R. Dkt. 50. On April 30, 2014,

21  Hausken filed objections. Dkt. 58.

22

On May 12, 2014, the Court issued an order affirming in part and denying in part Judge Creatura's R&R.  Dkt. 58.  On May 27, 2014, Defendants filed the instant motion for partial reconsideration of the Court's order on the R&R, seeking reconsideration of the Court's determination that entry of default is proper and sanctions are appropriate. Dkt. 63.

## II.    DISCUSSION

### A.    Standard of Review

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

W.D. Local Civil Rule 7(h)(1).

### B.    Entry of Default

Fed. R. Civ. P. 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." After the clerk enters default, a party must seek entry of default judgment under Rule 55(b). Put another way, "an entry of default is a prerequisite to a default judgment under Rule 55(b)." *Lee v. Bhd. of Maint. of Way Employees*, 139 F.R.D. 376, 380 (D. Minn. 1991).

Defendants are correct that in the Court's prior order it determined that Defendants did not object to Judge Creatura's recommendation that entry of default pursuant to Fed. R. Civ. P. 55(a) be entered against them. Dkt. 63 at 3 (*citing* Dkt. 50 at 5-6).  Finding instead that "the entirety of their brief focuses its objections on Judge Creatura's

1  recommendation that Hausken's entry of default judgment be entered against

2  Defendants." *Id.*

3         Upon review of the Defendants' objections, which could have been more explicit

4  in its challenge to entry of default specifically, the Court determines that Defendants'

5  brief does include an objection to the R&R's recommended entry of default. Nonetheless,

6  the Court also finds that Judge Creatura's reasons regarding Defendants' improper delay

7  as set forth in his R&R and as summarized above provide sufficient bases to enter

8  default. *See supra.*

9         Defendants also supply new facts to support their contention that the Court should

10 not have adopted Judge Creatura's recommendation to enter default.  Defendants state

11 that "it was recently learned that Hausken does have access to cable television" and has

12 had access in his room since October 24, 2013," with the exception of a two-week period.

13 Dkt. 63 at 2 (*citing* Dkt. 63-1 at 3-4 (Declaration of Daniel S. Cowles ("Cowles"),

14 Classification Counselor 3 in Special Offenders Unit at Monroe Correctional Complex)).

15 They indicate that Hausken's "own actions are the only reason why he would not [have]

16 received full cable television privilege." *Id.* at 4. Cowles's declaration also explains the

17 policy and program by which offenders in Hausken's unit gain privileges, including

18 access to cable television. *Id.* at 3.  Defendants argue the aforementioned facts are "fatal"

19 to Hausken's case and "clear evidence" that the Court erred in determining that

20 Hausken's case "appears to have merit" which resulted in the manifest injustice of entry

21 of default. *See* Dkt. 63 at 2-3.

22

While Defendants supply additional information that may indeed be relevant to determining whether Hausken's case has merit, these "recently learned" facts were not before the Court when it made its decision to adopt Judge Creatura's recommendation to enter default. Therefore, for the purposes of a motion for reconsideration (W.D. LCR 7(h)(1)), the Court does not have to consider new facts which could have been learned much earlier, say in October of 2013, e.g. through counsel's discussion with his clients and relevant witnesses and the preparation and submission of declarations or an answer. Had Defendants timely filed an answer after the case was initially referred back to Judge Creatura post the Court's ruling on his initial R&R, and then filed a motion for summary judgment including the foregoing information, the trajectory of this case would have been quite different.

Defendants also maintain that the Court "should have considered Fed. R. Civ. P. 55(c) and its provision allowing a district Court to set an entry of default for good cause," and effectively asserting that the Court should have considered the factors for determining if good cause exists to set aside the entry of default.  Dkt. 63 at 3 (*citing Franchise Holding II, LLL. V. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)).

When the Court was reviewing the objections to Judge Creatura's R&R, it was determining whether his recommendation that entry of default was appropriate given Defendants' objections.  The Court was not ruling on a motion to set aside entry of default under Fed. R. Civ. P. 55(c).  Moreover, Defendants did not make an argument specifically citing to Fed. R. Civ. P. 55(c) in their objections.  If Defendants thought

1   argument and case law directly related to the standards set forth in Fed. R. Civ. P. 55(c)

2   was relevant to their objection to entry of default, they could have with reasonable

3   diligence brought those particular legal authorities to the Court in their objections.  *See*

4   W.D. LCR 7(h)(1). They did not. Defendants' motion for reconsideration of entry of

5   default is denied.

6        The Defendants can make a motion to set aside entry of default pursuant to Fed. R.

7   Civ. P. 55(c). They can include the new arguments they now make in that motion to the

8   Magistrate Judge.

9   **4.    Sanctions**

10       Defendants also argue that the Court's issuance of sanctions in the amount of

11  $66.00 is "manifestly unreasonable" and "under 55(a) or (b) is not legally supportable."

12  Dkt. 63 at 1-2. Defendants support their arguments through a number of means, including

13  through the submission of a declaration they argue would have been submitted had they

14  been allowed to contest the amounts sought in Hausken's bill of costs, which the Court

15  used to determine a portion of Defendants' sanctions. *See* Dkt. 63 at 5-7.

16        Additionally, Defendants now state that Hausken's fifty-cent monthly fee is not

17  being deducted from his inmate trust account and has not been deducted since September

18  of 2013, with the exception of two times; rather, the fees are accumulating as debt due to

19  his indigency status. *See* Dkt. 63 at 6 (*citing* Dkt. 63-1 at 17-18 (Declaration of Daniel

20  Lewis, Department of Corrections Trust Account Manager)).

21        Interestingly, Defendants' prior objections explicitly state: "It is uncontested $0.50

22  per month is deducted from Mr. Hausken's account for cable television access at the

1    prison." Dkt. 50 at 6.   Based on this information, the Court made its determination

2    regarding the $3.00 portion of the sanction. Had Defendants made the correct

3    representation to the Court, it may have ruled differently on regarding that part of the

4    sanction.

5         Defendants implicitly, or perhaps not so implicitly, question the Court's power to

6    sanction them for what it has determined to be improper delay.  *See* Dkt. 63 at 4. In its

7    inherent power to manage its own docket, the Court has the authority to issue sanctions

8    for improper delay.  In exercising its broad discretion, the Court could have reasonably

9    sanctioned Defendants several hundred dollars for their unnecessary delay.  Although the

10   Defendants did not have the opportunity to object to the amounts specified in Hausken's

11   bill of costs, the $66.00 sanction is not an amount that would warrant additional briefing

12   and litigation, as that would result in the further unnecessary expenditure of resources.

13   Here, Defendants have acknowledged they caused delay, although they take the position

14   the delay was not improper.  *See* Dkt. 50 at 7-8. In the Court's opinion, Defendants have

15   improperly delayed Plaintiff's case and in doing so unnecessarily added work to the

16   Court's docket.  The Court's sanction of a total of $66.00 stands.  Defendants' motion for

17   reconsideration on this issue is denied.

18

                                    **III.   ORDER**

19

         Therefore, it is hereby ordered

20

         (1)    Defendants' motion for reconsideration (Dkt. 63) is **DENIED**; and

21

22

1        (2)    This action is **referred back** to Magistrate Judge Creatura for further

2 proceedings.

3        Dated this 30th day of May, 2014.

4

5

6                         BENJAMIN H. SETTLE
                        United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22