UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILLIP BURTON HAUSKEN,

Plaintiff,

v.

D LEWIS, et al.,

Defendants.

CASE NO. C12-5882 BHS-JRC

ORDER SETTING ASIDE DEFAULT
AND ENTERING A SCHEDULING
ORDER

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

Defendants ask the Court to set aside the default that the District Court entered on May 12, 2014 (Dkt. 70).  The Court grants the motion because defendants show good cause for setting aside the default and show a meritorious defense to injunctive relief (Dkt. 70, p. 3). The Court previously found that defendants have qualified immunity from damages (Dkt. 60 ).

The first issue the Court addresses is the authority of the Court to grant this motion without issuing a Report and Recommendation.  28 U.S.C. 636 (b)(1)(A) states:

1    (b)(1) Notwithstanding any provision of law to the contrary—

2    (A) a judge may designate a magistrate judge to hear and determine any pretrial
     matter pending before the court, except a motion for injunctive relief, for
3    judgment on the pleadings, for summary judgment, to dismiss or quash an
     indictment or information made by the defendant, to suppress evidence in a
4    criminal case, to dismiss or to permit maintenance of a class action, to dismiss for
     failure to state a claim upon which relief can be granted, and to involuntarily
5    dismiss an action. A judge of the court may reconsider any pretrial matter under
     this subparagraph (A) where it has been shown that the magistrate judge's order is
6    clearly erroneous or contrary to law.

7        Although default is dispositive, the motion is not a matter enumerated as requiring

8    a Report and Recommendation.  *See* 28 U.S.C. 636 (b)(1)(A). Accordingly, this Court

9    has authority to decide defendants' motion.

10       The factors the Court considers are whether or not culpable conduct led to the

11   default, whether or not defendants have a meritorious defense, and prejudice to plaintiff.

12   *Franchise Holding II. LLC v. Huntington Restaurant Groups, Inc.*,  375 F.3d 922, 925-26

13   (9th Cir. 2004).  A Court may set aside default if any of the factors are true.  *American*

14   *Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir.2000).

15       Plaintiff opposes setting aside the default in this case and argues that he needs the $66 he

16   received in sanctions (Dkt. 71).  Plaintiff does not address setting aside the default.  Defendants

17   argue that plaintiff has access to cable television and has had access except when his own

18   behavior prevented him from having television privileges (Dkt. 70 pp. 3-4).  Thus, this case may

19   no longer present a case and controversy.  In order to seek any form of injunctive relief plaintiff

20   must show a threat of irreparable injury that is real and immediate, not conjectural or speculative.

21   *O'Shea v. Littleton,* 414 U.S. 488, 494 (1974).

22

23

24

Defendants show good cause for setting aside the default in this case.  The Court grants defendants' motion.  The Court accepts defendants' answer to the complaint (Dkt. 48).  The Court hereby establishes the following pretrial schedule:

(1)     Discovery

All discovery shall be completed by **November 28, 2014**.  Service of responses to interrogatories and to requests to produce, and the taking of depositions, shall be completed by this date.  Federal Rule of Civil Procedure 33(a) requires answers or objections to be served within thirty (30) days after service of the interrogatories.  The serving party, therefore, must serve his/her interrogatories at least thirty (30) days before the deadline in order to allow the other party time to answer.

(2)     Dispositive Motions

Any dispositive motion shall be filed and served on or before **December 19, 2014**.  Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document.  The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.  Dispositive motions shall be noted for consideration on a date no earlier than the fourth Friday following filing and service of the motion.  LCR 7(d)(3).

All briefs and affidavits in opposition to any motion shall be filed and served pursuant to the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR 7.  The party making a motion may file and serve a reply to the opposing party's briefs and affidavits.  Any reply brief shall also be filed and served pursuant to the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR 7.

1    Defendants are reminded that they MUST serve *Rand* notices, in a separate document,

2  concurrently with motions for summary judgment so that *pro se* prisoner plaintiffs will have fair,

3  timely and adequate notice of what is required of them in order to oppose those motions.  *Woods*

4  *v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012).  The Ninth Circuit has set forth model language for

5  such notices:

6        A motion for summary judgment under Rule 56 of the Federal Rules of
       Civil Procedure will, if granted, end your case.
7
8        Rule 56 tells you what you must do in order to oppose a motion for
       summary judgment.  Generally, summary judgment must be granted when
9        there is no genuine issue of material fact – that is, if there is no real
       dispute about any fact that would affect the result of your case, the party
10       who asked for summary judgment is entitled to judgment as a matter of
       law, which will end your case.  When a party you are suing makes a
11       motion for summary judgment that is properly supported by declarations
       (or other sworn testimony), you cannot simply rely on what your
12       complaint says.  Instead, **you must set out specific facts in declarations,**
       **depositions, answers to interrogatories, or authenticated documents,**
13       **as provided in Rule 56(e), that contradict the facts shown in the**
       **defendant's declarations and documents and show that there is a**
14       **genuine issue of material fact for trial.  If you do not submit your own**
       **evidence in opposition, summary judgment, if appropriate, may be**
15       **entered against you.  If summary judgment is granted, your case will**
       **be dismissed and there will be no trial.**
16

17  *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).  Defendants who fail to

18  file and serve the required *Rand* notices on the plaintiff may have their motion stricken from the

19  Court's calendar with leave to re-file.

     (3)    Joint Pretrial Statement
20
     The parties are advised that a due date for filing a Joint Pretrial Statement may be
21
22  established at a later date pending the outcome of any dispositive motions.

23

24

1   (4) <u>Proof of Service and Sanctions</u>

2   All motions, pretrial statements and other filings shall be accompanied by proof that such

3 documents have been served upon counsel for the opposing party or upon any party acting *pro*

4 *se*.  The proof of service shall show the day and manner of service and may be by written

5 acknowledgment of service, by certificate of a member of the bar of this Court, by affidavit of

6 the person who served the papers, or by any other proof satisfactory to the Court.  Failure to

7 comply with the provisions of the Order can result in dismissal/default judgment or other

8 appropriate sanctions.

9   (5) The Clerk of Court is directed to send a copy of this Order to plaintiff and to

10 counsel for defendants.

11

12   Dated this 16th day of September, 2014.

13

14     J. Richard Creatura
     United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

ORDER SETTING ASIDE DEFAULT AND
ENTERING A SCHEDULING ORDER - 5