1

2

3

4

5

6

7

8

9                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
10                                    AT TACOMA

11

PHILLIP BURTON HAUSKEN,

12                                              CASE NO. C12-5882 BHS-JRC
                           Plaintiff,

13                                              REPORT AND RECOMMENDATION
              v.

14                                              NOTED FOR:
D LEWIS,                                        APRIL 17, 2015

15
                           Defendants.

16

17
        The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

18
Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local

19
Magistrate Judge Rules MJR1, MJR3 and MJR4.

20
        Currently before the Court are defendants' motion for summary judgment (Dkt. 73), and

21
plaintiff's motion asking the Court for "relief from judgment" (Dkt. 75).  Plaintiff asks the Court

22
to modify its prior ruling so that he can obtain sixty-six dollars he claims he paid for copies (Dkt.

23

24

REPORT AND RECOMMENDATIONREPORT
AND RECOMMENDATION - 1

1  75).  The Court considers plaintiff's filing as a response to the motion for summary judgment as

2  well as a motion to modify the Court's prior rulings regarding qualified immunity.

3      The only claim remaining in this action is plaintiff's request for injunctive relief.

4  Plaintiff asks the Court to prevent the Washington State Department of Corrections from taking

5  fifty cents a month from his prison trust account for cable television (Dkt. 5).  Two defendants,

6  Daniel Lewis and Joyce Marciel, remain in this action in their official capacity.  The Court has

7  dismissed plaintiff's claims for damages based on qualified immunity because Washington State

8  law requires the fifty cent deduction from all inmates (Dkt. 40).  *See*, RCW 72.09.470

9      The Court recommends granting defendants' motion for summary judgment.  Defendants

10  show that plaintiff has access to cable television either in cell or in the day room of his unit.

11  Thus, plaintiff does not present a live case and controversy regarding injunctive relief.

12                                                    FACTS

13      Plaintiff is an inmate housed in the Special Offender Unit at the Monroe Correctional

14  Complex (Dkt. 5).  Plaintiff alleged that the unit where he was housed at the time he filed this

15  action did not have in-cell cable television access. Plaintiff alleges that each month fifty cents is

16  taken from his trust savings account and forwarded to the inmate betterment fund to pay for

17  cable television and other privileges that plaintiff does not use (Dkt. No. 5).  Plaintiff alleges that

18  the person who takes the fifty cents from his account each month is Daniel Lewis (Dkt. No. 5,

19  page 6, IV Statement of the Claim).  Plaintiff alleges that he has been told the funds that are

20  taken from his account are sent to the inmate betterment fund, which is administered by

21  defendant Joyce Morrell [sic] (Dkt. 5, p. 6).  Defendants clarified that this defendant is actually

22  named Joyce Marciel (Dkt. No. 11).

23

24

REPORT AND RECOMMENDATION - 2

1    At the motion to dismiss stage the Court dismissed a third defendant, Dawn Thompson,

2  for lack of personal participation (Dkt. 40).  The Court also granted the other defendants

3  qualified immunity from damages (Dkt. 40).  The only remaining claim is plaintiff's request for

4  an injunction to stop the Department of Corrections from taking funds for cable television (Dkt.

5  5, p. 7).

6    Defendants provide the declaration of Mr. Cowles in support of their motion for summary

7  judgment (Dkt. 73-1).  The declaration provides admissible evidence to show that during the

8  course of this litigation plaintiff's programming level has changed (Dkt. 73-1).  From March 20

9  2011, until October 2, 2014, plaintiff was on intensive treatment status (Dkt. 73-1 p. 3).

10  Defendants contend that during this time frame plaintiff had access to cable television when his

11  behavior warranted promotion to a specific step level (*id*.).

12    Mr. Cowles states that as of October 24, 2013, plaintiff had a television in his cell in the

13  Maximum Security Unit (Dkt. 73-1, p. 4).  Defendants provide evidence showing that while

14  plaintiff lost television privileges for a two week time period in March of 2014, he regained the

15  privilege on March 23, 2014 (*id*.).  Defendants contend that plaintiff has had television privileges

16  since March 23, 2014 (Dkt.73-1).

17    Plaintiff states in his responsive pleading that sixty six dollars has been taken from him

18  for copies (Dkt. 75, p. 1).  Defendants state that for the most part plaintiff has been indigent and

19  no money was actually taken although the debt has been recorded (Dkt. 73-1, pp. 11 and 12,

20  declaration of Daniel Lewis).  Plaintiff's total debt for copies is one hundred five dollars and two

21  cents (*id*.).  Defendants state that since 2012, plaintiff has had one dollar actually taken from him

22  for cable television and that plaintiff has incurred a debt for fifteen dollars and fifty-six cents for

23  television cable (*id*.). While plaintiff states that for a time period he was in a cell that had a steel

24

REPORT AND RECOMMENDATION - 3

1  plate over the cable access box, but he does not refute defendants' contention that he had access

2  to a television in the day room of that unit (Dkt. 75, p. 2).

3                                          STANDARD OF REVIEW

4        A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded

5  as a right. *Munaf v. Geren*, 553 U.S. 674, 689–90, (2008) (citations and quotation omitted).

6  Instead, the Court must "balance the competing claims of injury and ... the effect of the granting

7  or withholding of the requested relief." *Winter v. Natural Resources Defense Council*, 555 U.S.

8  7, 24 (2008) (*quoting Amoco Production Company v. Gambell*, 480 U.S. 531, 542 (1987)). A

9  plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of

10  success on the merits, (2) a likelihood of irreparable injury to plaintiff if injunctive relief is not

11  granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public

12  interest.  *Winter*, 555 U.S. at 20.

13        The Prison Litigation Reform Act imposes additional limits on prospective relief:

14        Preliminary injunctive relief must be narrowly drawn, extend no further than
        necessary to correct the harm the court finds requires preliminary relief, and be
15        the least intrusive means necessary to correct that harm. The court shall give
        substantial weight to any adverse impact on public safety or the operation of a
16        criminal justice system caused by the preliminary relief and shall respect the
        principles of comity set out in paragraph (i)(B) in tailoring any preliminary relief.

17  18 U.S.C. § 3626(a)(2).

18                                          DISCUSSION

19        A.      Injunctive relief.

20        Article III of the United States Constitution limits the power of the judiciary to actions

21  where there is a live case or controversy.  U.S.C.A. Const. art. 3, § 2.  Plaintiff's now has access

22  to television.  This means that there is no longer a live case and controversy for the purpose of

23  seeking injunctive relief.  *O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974).  Plaintiff cannot

24

REPORT AND RECOMMENDATION - 4

1   now show that funds are being improperly taken from him. Thus the Court lacks jurisdiction to

2   entertain plaintiff's request for injunctive relief. Further, the Court should not address the

3   constitutionality of defendants' actions because the Court no longer has jurisdiction.

4       In order to satisfy the case and controversy requirement plaintiff must have a threat of

5   injury that is real and immediate. *See, City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).

6   Past exposure to allegedly improper conduct does not show a present case or controversy. *See,*

7   *O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974). Plaintiff lacks the ability to seek injunctive

8   relief because of his change in circumstances. The Court recommends dismissal of this action

9   because the Court lacks jurisdiction to consider plaintiff's request for injunctive relief.

10      B.      Plaintiff's motion to set aside judgment.

11      Plaintiff filed his motion on a form used in criminal cases. The form cites to Criminal

12  Rule 7.8 (Dkt. 75). Relief from judgment in a civil action is addressed in Fed. R. Civ. P. 60.

13  Fed. R. Civ. P. 60 sets forth several reasons for relief from judgment some of which include

14  mistake, newly discovered evidence, or fraud. *See*, Fed. R. Civ. P. 60. Plaintiff fails to address

15  any grounds for granting relief from judgment or to show that the Court's prior ruling is in error.

16  Further, final judgment had not been entered in this case. Instead, the Court granted defendants

17  qualified immunity because a state statute mandated the action they took and the statute has not

18  been ruled unconstitutional as applied (Dkt. 40, p. 7).

19      To the extent the Court could consider plaintiff's motion as a motion for reconsideration

20  of the District Court's grant of qualified immunity, the motion is not timely. The District Court

21  granted defendants' qualified immunity from damages on September 12, 2013 (Dkt. 40). Under

22  the local rules of this court plaintiff had fourteen days to move for reconsideration. *See* Local

23

24

REPORT AND RECOMMENDATION - 5

1   Civil Rule 7(h).   The Court recommends denying plaintiff's motion.  The Court further

2   recommends dismissing this action.

3           Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

4   fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

5   6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

6   review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit

7   imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April

8   17, 2015, as noted in the caption.

9           Dated this 17th day of March, 2015.

10

11                                              J. Richard Creatura
                                                United States Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 6